[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15832
_____

D.C. Docket No. 1:12-cv-21275-MGC

IGOR ANAPOLSKY, et al.,

Plaintiffs,

DANIELLE LEJEUNE,
DIANE LEJEUNE,
JEAN-PIERRE LEJEUNE,

Plaintiffs-Appellants,

versus

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 18, 2017)

Before HULL, BLACK and RESTANI,[*] Circuit Judges.

PER CURIAM:

Danielle, Diane, and Jean-Pierre Lejeune appeal the jury verdict entered in favor of National Union Fire Insurance Company of Pittsburgh, PA (National Union), in the Lejeunes' action alleging (1) National Union breached its insurance contract with Allied Mortgage and Financial Corporation (Allied), and (2) bad faith for failure to defend Allied in the Lejeunes' suit against Allied.  The Lejeunes contend the jury verdict should be overturned, arguing any contract between them and Allied was not express because a repayment date—a required term of loan agreements—was not explicitly stated and therefore National Union's policy exemption for actions based on express contracts does not apply.  The Lejeunes alternatively contend their actions for securities and tort claims did not "arise out" of the contract between them and Allied, and therefore National Union's express contract exclusion does not apply to those claims.

After a thorough review of the record and having the benefit of oral argument, we affirm the jury verdict in favor of National Union.  *See Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1010 (11th Cir. 2004) (stating we review a jury verdict only to determine "whether reasonable and impartial minds could reach the conclusion the jury expressed in its verdict," and as a result, the

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

"verdict must stand unless there is no substantial evidence to support it" (quotations omitted)). The evidence submitted at trial from the 2007 and 2008 audited financial statements showed that loans at a 10.5% interest rate are for three-year terms. Doug Jacobs testified the Lejeunes' loans were covered in the 2007 and 2008 audited financial statements. [DE 157-34 at 14; DE 157-35 at 15; DE 193 at 130-134]. The Lejeunes' loan had a 10.5% interest rate, it commenced in 2007, and the Lejeunes were informed three years later that principal would not be paid. These facts combined with the jury's disbelief of Diane Lejeune's and Jacobs' testimony regarding the repayment date is sufficient for a reasonable juror to have concluded the parties' words were sufficient to form an express contract.

Additionally, all of the claims in the Lejeunes' suit against Allied arise out of the contract and are based on the allegation the Lejeunes loaned money to Allied which was never repaid. Even though the Lejeunes attempt to explain how these claims do not arise out of the contract, these claims would not exist without the Lejeunes' loans to Allied, which were the subject of the express contract. The loans at issue fall squarely within the contract exclusion for claims that arise out of any express contract.[1]

**AFFIRMED.**

---

[1] The Lejeunes contend National Union's failure to defend Allied allowed Allied to enter into a *Coblentz* agreement with the Lejeunes, binding National Union to the terms of the settlement agreement. As we affirm the jury's verdict that the express contract exclusion applies, we need not address this issue.